PROB 35  
(Rev. 4/81)

Report and Order Terminating Probation/  
Supervised Release Prior to Original Expiration Date

# United States District Court

For The

District of New Jersey

UNITED STATES OF AMERICA

v.

Jaime Cano

Crim. No. 04-_____ *338*

On December 19, 2014, the above named was sentenced to a term of supervised release for a period of 60 months. The supervised releasee has complied with the rules and regulations and is no longer in need of supervision. It is accordingly recommended that the supervised releasee be discharged from supervised release.

Respectfully submitted,

U.S. Probation Officer  
Ivettelis Perez

### ORDER OF THE COURT

Pursuant to the above report, it is ordered that the supervised releasee be discharged from and that the proceedings in the case be terminated.

Dated this _10th_ day of _July_, 20_18_.

United States District Judge

WILFREDO TORRES
CHIEF PROBATION OFFICER

BETH L. NEUGASS
SR. DEPUTY CHIEF PROBATION OFFICER

MAUREEN KELLY
DEPUTY CHIEF PROBATION OFFICER

SUSAN M. SMALLEY
DEPUTY CHIEF PROBATION OFFICER

U.S. COURTHOUSE
50 WALNUT ST.
ROOM 1001
NEWARK, NJ 07102
(973) 645-6161
FAX: (973) 645-2155

www.njp.uscourts.gov

June 25, 2018

Judge Designate
United States District Judge
Federal Building & U.S. Courthouse
PO Box 999
Newark, New Jersey 07101-0999

                                        **RE: Jamie Cano**
                                        **Dkt.# 04-338-01**
                                        **EARLY TERMINATION OF**
                                        **SUPERVISION**

Dear Judge Designate:

On April 27, 2006, the offender appeared before The Honorable Joseph A. Greenaway Jr., for sentencing on the offense of Conspiracy to Import Heroin and Cocaine. He received a sentence of 130 months of imprisonment followed by a five-year-term of supervised release. The following special conditions were imposed: refrain from the use of alcohol and submit to treatment as directed, refrain from the use of illegal drugs and submit to treatment as directed, provide full disclosure to financial records, participate in mental health treatment, and cooperate with the collection of DNA. The offender commenced his term of supervised release on December 19, 2014, in the Middle District of Florida. His term of supervised release is scheduled to expire on December 18, 2019. Our office is submitting this correspondence in response to the Middle District of Florida's request for early termination of supervision.

Title 18 United States Code Sections 3564(c) and 3583(e)(1) permit the Court to terminate probation in misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice. Sections 3564(c) and 3583(e)(1) do not require "exceptional conduct" to justify early termination, and instead, direct district courts to consider the factors at 18 U.S.C § 3553(a).

Additionally, the Judicial Conference endorsed nine criteria to determine if an offender satisfies the minimal statutory factors to be considered for early termination, as follows:

> (1) stable community reintegration (*e.g.*, residence, family, employment); (2) progressive strides toward supervision objectives and compliance with all conditions of supervision; (3) no aggravating role in the offense of conviction, particularly large drug or fraud offenses; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety.

In reviewing the offender's background and history of supervision, the offender meets the minimal criteria for early termination. Mr. Cano has maintained a stable residence throughout supervision and recently purchased a home. He has maintained regular employment as a skilled union journeyman/wireman electrician and has complied with all conditions of supervision. Mr. Cano completed substance abuse treatment, mental health treatment, moral recognition therapy, and has made progressive strides in becoming a stable member of the community. He has also maintained a motivated attitude towards supervision.

If Your Honor concurs with this request, enclosed is a Prob 35 *Report and Order Terminating Probation/Supervised Release Prior to Original Expiration Date,* for your endorsement. If Your Honor disagrees with the request, kindly advise our office. If the Court wishes to discuss this matter, please contact the undersigned officer at 973-476-7167. Thank you.

Respectfully submitted,

WILFREDO TORRES, Chief
U.S. Probation Officer

By: Ivettelis Perez
U.S. Probation Officer

/ip

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
PROBATION OFFICE

JOSEPH C. COLLINS
CHIEF PROBATION OFFICER

601 E Polk Street, Suite 800
Tampa, Florida 33602

June 19, 2018

P.O. Box 3905
Tampa, Florida 33601

REPLY TO: **Tampa P.O. Box**

Mr. Wilfredo Torres, Chief
United States Probation Officer
50 Walnut Street
Room 1001
Newark, NJ 07102

        Re: **Jamie Cano**
        Docket No: 04-338-01
        **Request for Early Termination from Supervision**

Dear Chief Torres:

On April 27, 2006, Mr. Jaime Cano appeared before United States District Judge, Joseph A. Greenaway Jr. for sentencing for the offense of Conspiracy to Import Heroin and Cocaine. The Court sentenced him to 130 months of imprisonment, followed by 5 years of supervised release. The following special conditions were imposed: refrain from the use of alcohol and submit to treatment as directed, refrain from the use of illegal drugs and submit to treatment as directed, provide full disclosure to financial records, participate in mental health treatment, and cooperate with the collection of DNA. Mr. Cano commenced his term of supervised release on December 19, 2014 in the Middle District of Florida. He is scheduled to terminate from supervision on December 18, 2019.

Mr. Cano has maintained a stable residence throughout supervision and recently purchased a home. He has maintained regular employment as a skilled union journeyman/wireman electrician. He has complied with all conditions of supervision. Mr. Cano has completed substance abuse treatment, mental health treatment, and moral recognition therapy. Mr. Cano has made progressive strides in becoming a stable member of the community and maintains a motivated attitude towards supervision.

The Post-Conviction Risk Assessment (PCRA) placed Mr. Cano in the low risk category. The PCRA did not identify any evidence of general criminal thinking. A recent criminal records check did not reveal any new arrests or outstanding warrants. Mr. Cano has a dynamic risk factor pro-social networks. There is no indication that he is associating with any negative peers. He participates in pro-social recreational activities with friends and family.

Title 18, United States Code, Section 3583 (e) (1) permits the Court to terminate supervision at any time after the expiration of one year in the case of a felony, if the Court is satisfied that such action is warranted by the conduct of the defendant and serves in the interest of justice. Given the totality of the circumstances, the probation office recommends that supervision be terminated in this case.

| Respectfully Submitted: | Approved By: |
|---|---|
| /s/ Carlos Silva | /s/ Melba F. Allen |
| Carlos Silva<br>United States Probation Officer<br>813-664-5450 | Melba F. Allen<br>Supervisory United States Probation Officer<br>813-301-5789 |